UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROL PUCKETT, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | Case No. 12-CV-578-JED-PJC |
| ) | |
| SPIRIT AEROSYSTEMS, INC., ) | |
| ) | |
| ) | |
| Defendant(s). ) | |

## OPINION AND ORDER

The Court has for its consideration Defendant's Partial Motion to Dismiss Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Brief in Support Thereof (Doc. 15) (the "Motion").

### Dismissal Standards

Defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However,

a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009) (quotation omitted).

**Analysis**

Defendant, Spirit Aerosystems, Inc., argues that plaintiffs' intentional infliction of emotional distress ("IIED") claims are subject to dismiss for two reasons: the facts alleged are not extreme and outrageous, and plaintiffs have failed to plead that they suffered severe emotional distress – both elements being required to plead such a claim.

Oklahoma courts recognize a cause of action for intentional infliction of emotional distress, also known as the tort of outrage. *See Gaylord Entertainment Co. v. Thompson*, 958 P.2d 128, 149 (Okla. 1998). The Restatement Second of Torts, § 46 specifically, has been followed in Oklahoma and the standards for alleging such a claim are rather narrow. *Id*. In *Breeden v. League Services Corp.*, 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Id*. at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) the resulting emotional distress was severe." *Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 175 (Okla. 2008) (quoting *Computer*

*Publications, Inc. v. Welton*, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court assumes a "gatekeeper role" and makes an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n. 7 (10th Cir. 2005) (applying Oklahoma law). The Court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. *Id*.

Work place discrimination cases rarely present facts sufficient to constitute the type of extreme and outrageous behavior required to state a claim for IIED. *See, e.g., Miner v. Mid–America Door Co.*, 68 P.3d 212, 223 (Okla. Civ. App. 2002) (employer's alleged failure to reassign the plaintiff after learning of workplace harassment, even if unreasonable, was not extreme and outrageous); *Gabler v. Holder & Smith, Inc.*, 11 P.3d 1269, 1280 (Okla. Civ. App. 2000) (noting that workplace harassment rarely rises to the level of extreme and outrageous conduct); *Mirzaie v. Smith Cogeneration, Inc.*, 962 P.2d 678, 684 (Okla. Civ. App. 1998) (employer's conduct was not extreme and outrageous when, *inter alia*, the plaintiff's manager made derogatory sexual remarks about the plaintiff, woke plaintiff up in the middle of the night to do unnecessary work, and terminated him two hours before his wedding); *Zahorsky v. Community Nat'l Bank of Alva*, 883 P.2d 198, 200 (Okla. Civ. App. 1994) (employer not liable for intentional infliction of emotional distress when an employee forced the plaintiff to have sex with him and employer failed to fire the employee, even though the employer allegedly knew about the conduct).

The facts alleged by the plaintiffs in this case do not even rise to the level of those in the cases cited above. The worst of the allegations contained in the complaint are summarized in plaintiffs' response brief:

3

> In their Complaint, Plaintiffs give examples of the disparate treatment they endured while employed by Defendant. Plaintiffs state that they were consistently subjected to unequal terms and conditions with regard to discipline and termination. Dkt. #5 p. 5. Plaintiff Puckett further states that she was routinely called "stupid" and was harassed throughout her employment. Dkt. #5, p. 6. Plaintiff Parnell even requested to be transferred away from a male co-worker who was making disparaging comments about her. Dkt. #5, p. 8. Each of these women has faced discriminatory actions at the hands of Defendant.

(Doc. 17, at 3, citing complaint). These allegations and the remainder of those found in the complaint, when viewed in the light most favorable to plaintiffs and taken as true, do not amount to extreme and outrageous conduct as a matter of law.[1] Hence, plaintiffs have failed to state a claim for intentional infliction of emotional distress.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss Plaintiffs' Claims for Intentional Infliction of Emotional Distress and Brief in Support Thereof (Doc. 15) is **granted**, and plaintiffs' third claim for relief is **dismissed**.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] Having found that plaintiffs have failed to allege extreme and outrageous conduct on the part of defendant, the Court need not address whether plaintiffs adequately alleged that they suffered severe emotional distress.

4